UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

APPROXIMATELY $40,000 IN UNITED STATES
CURRENCY FROM BANK OF AMERICA
ACCOUNT NUMBER ENDING IN 6148,

        Defendant.

Case No. 22-cv-1374-pp

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 14) AND DISMISSING CASE

On November 18, 2022, the plaintiff filed a complaint for civil forfeiture *in rem* against approximately $40,000 in United States currency from Bank of American account number ending in 6148. Dkt. No. 1. On January 26, 2023, the plaintiff applied for entry of default, dkt. no. 13, and the Clerk of Court entered default the same day. The plaintiff simultaneously filed a motion for default judgment. Dkt. No. 14.

**I.    Entry of Default**

Federal Rule of Civil Procedure 55 requires a two-step process before the court may enter default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

1

The United States Secret Service seized the defendant property under a warrant of arrest *in rem* issued on November 1, 2022. Dkt. No. 10. The property originally had been seized on June 6, 2022 when the United States Secret Service received a check in the amount of $40,000 from Bank of America following the execution of seizure warrant #22-902M, issued by United States Magistrate Judge Nancy Joseph around May 20, 2022. Dkt. No. 14 at ¶2.

The plaintiff posted notice of the civil forfeiture on the official government internet site for at least thirty consecutive days beginning on November 19, 2022, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Civil Local Rule 101. Dkt. No. 11. The plaintiff also filed notices of the complaint for civil forfeiture of property and served them, along with a copy of the verified complaint, on the potential claimants: Toyin Ajayi, both at her residence and in care of her attorney Akins Doherty; Bethel Business Venture LLC in care of its registered agent, Toyin Ajayi; and Silver Star Inc., doing business as Flagship Motorcars, in care of CT Corporation, its registered agent. Dkt. Nos. 6-9.

The certified mail return receipts and tracking reports indicate that the documents were accepted by the claimants: Toyin Ajayi at her residence on November 26, 2022; Bethel Business Venture, LLC in care of Toyin Ajayi, its registered agent, on November 26, 2022; Silver Star Inc., d/b/a Flagship Motorcars, in care of CT Corporation, its registered agent, on November 28, 2022; Toyin Ajayi, in care of Attorney Doherty at The Doherty Law Firm on

2

November 30, 2022. Dkt. No. 14 at ¶¶5. The thirty-five-day time limit for the potential claimants to file a claim expired on December 27, 2022. Id. at ¶7.

The court is satisfied that the plaintiff properly posted notice and served the verified complaint on the potential claimants. No claims have been filed. In addition, on January 5, 2023, the plaintiff also filed a letter advising the court that if a claim was not filed by January 23, 2023, the plaintiff intended to file a motion for default judgment. Dkt. No. 12; Dkt. No. 14 at ¶8. The plaintiff served that letter on all the potential claimants. Dkt. No. 14 at ¶9; Dkt. No. 12. To date, no verified claims or answers have been filed. Id. at ¶10.

## II. Motion for Default Judgment (Dkt. No. 14)

After the entry of default, the plaintiff may move for default judgment under rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed

affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The plaintiff has established that the property was subject to forfeiture under 18 U.S.C. §§981(a)(1)(C) and 984 because it constitutes or is traceable to proceeds of unlawful activity as defined in 18 U.S.C. §1956(c)(7), with reference to 18 U.S.C. §1961(1)—namely, wire fraud, committed under 18 U.S.C. §1343. Dkt. No. 1 at ¶¶8, 10-34 (describing the fraud scheme and transfer of the defendant property to the Bank of America account). The plaintiff further alleged—and has established—that the property is also subject to forfeiture under 18 U.S.C. §981(a)(1)(A) because it was involved in, or is traceable to, funds involved in money laundering under 18 U.S.C. §§1956, 1957. Id. at ¶¶9, 10-34. The well-pleaded allegations in the complaint demonstrate that the $40,000 in defendant property is subject to forfeiture by the plaintiff. Because no claimant with a valid interest filed a claim within the statutory period, the court will grant default judgment.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 14.

The court **ORDERS** that the defendant property—approximately $40,000 in United States currency seized from the Bank of America account number ending in 6148—is **FORFEITED** to the United States of America.

The court **ORDERS** that no right, title, or interest in the defendant property shall exist in any other party.

The court **ORDERS** that the United States Secret Service or its duly authorized agent must seize the defendant property and must dispose of it according to law.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 23rd day of February, 2023.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**